**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Miguel Hernandez,

        Plaintiff,

        v.

Chi-Chi's Pizza, Inc., et al.,

        Defendants.

Case No. 2:20-cv-07038-VAP-ASx

**Order GRANTING Default Judgment IN PART (Dkt. 19)**

    Before the Court is Plaintiff Miguel Hernandez's ("Plaintiff") Motion for Default Judgment. ("Motion," Dkt. 19). Having considered the papers filed in support of the Motion, the Court finds this matter appropriate for resolution without oral argument pursuant to Local Rule 7-15. The Court GRANTS the Motion IN PART.

## I.    BACKGROUND

    Plaintiff suffers from, *inter alia*, paraplegia which requires him to use a wheelchair for mobility. (Dkt. 1, ¶ 1). Defendants Chi-Chi's Pizza, Inc. and Bruno D'Egidio ("Defendants") own the real property located at or about 27117 Sierra Hwy., Canyon Country, California (the, "Business"). (*Id.* ¶ 2).

    On March 12, 2020, Plaintiff claims that he went to the Business, a place of public accommodation, located at Defendants' property. (*Id.* ¶¶ 10,

11).  Plaintiff makes several allegations regarding the inaccessibility of the Business's parking facilities, including that "[d]efendants failed to post required signage such as 'Minimum Fine $250' on multiple spaces," and "[d]efendants failed to paint the ground as required."  (*Id.* ¶¶ 13).  Plaintiff alleges, in sum, that "[d]efendants failed to maintain the parking space designated for persons with disabilities to comply with the federal and state standards."  (*Id.*)

On August 5, 2020, Plaintiff filed a Complaint against Defendants for damages and injunctive relief for violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act.  (Dkt. 1).  Plaintiff served Defendants with the Summons and Complaint on September 4, 2020. (Dkts. 13, 14).  Defendants' Answer to the Complaint was due to be filed by September 25, 2020.  Fed. R. Civ. P. 12.  Defendants failed to respond to the Complaint.  On January 13, 2021, Plaintiff moved for, and on January 14, 2021, the Clerk of Court entered, default against Defendants.  Plaintiff's request and the Clerk's entry of default were served on Defendants.  On September 16, 2020, this Court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and dismissed the claim without prejudice.  (Dkt. 11).

On February 12, 2021, Plaintiff filed the instant Motion for Default Judgment against Defendants.  (Dkt. 19).  Despite being served with the Motion, Defendants have not filed any response thereto, timely or otherwise.

## II.    LEGAL STANDARD

Local Rule 55-1 provides that an application for default judgment must be accompanied by a declaration in compliance with Federal Rule of Civil Procedure 55(b) setting forth, *inter alia*, when and against what party the default was entered and the identification of the pleading to which default was entered. Plaintiff has provided this.  (*See* Dkt. 19-2).

Federal Rule of Civil Procedure 55 authorizes the Court to enter a default judgment against a party who "fail[s] to plead or otherwise defend" a claim.  Fed. R. Civ. P. 55 (a)-(b)(2).  "Even if entry of default has been made by the court clerk, granting a default judgment is not automatic; rather it is left to the sound discretion of the court."  *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)).

In exercising its discretion to grant or deny an application for default judgment, the Court considers the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits (collectively, "*Eitel* factors").  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important *Eitel*

3

factors.  *Mnatsakanyan v. Goldsmith & Hull APC*, No. 2:12-cv-04358-MMM-PLAx, 2013 WL 10155707, at *10 (C.D. Cal. May 14, 2013).

### III.    DISCUSSION

Generally, upon default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Televideo Sys. Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *see also DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007); Fed. R. Civ. P. 8(b)(6).  Pursuant to Rule 8(b)(6), the Court accepts as true the allegations in the unanswered Complaint and the statements in the declarations submitted in support of Plaintiff's Application for Default Judgment.

In applying the *Eitel* factors, the Court finds that Plaintiff is entitled to default judgment.  The Court will discuss each factor in turn.

### A.    Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers "whether the plaintiff will suffer prejudice if default judgment is not entered."  *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, Plaintiff contends that he "will be without recourse and suffer prejudice unless default judgment is entered."  (Dkt. 19-1, at 6)  The Court agrees that absent entry of a default judgment, Plaintiff will most likely be without recourse against Defendants, given Defendants' unwillingness to cooperate and defend. Accordingly, this factor favors entry of default judgment.  *See Vogel v. Rite*

United States District Court
Central District of California

4

1    *Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (hereinafter "*Rite*

2    *Aid*").

3

4    **B.      The Merits of Plaintiff's Substantive Claims and Sufficiency of**

5              **the Complaint**

6              The second and third *Eitel* factors "require that a plaintiff state a claim

7    on which [the plaintiff] may recover."  *PepsiCo*, 238 F.Supp.2d at 1175.

8    Plaintiff brought four claims against Defendant: (1) violation of the ADA, 41

9    U.S.C. § 12101, et seq.; (2) violation of the Unruh Civil Rights Act, California

10   Civil Code sections 51 through 53; (3) violation of California's Disabled

11   Persons Act; (4) violation of California's Health and Safety Act; and (5)

12   Negligence.  (Dkt. 1).  As the Court declined to exercise supplemental

13   jurisdiction and therefore dismissed Plaintiff's Unruh Act claim and any other

14   state law claims (Dkt. 11), the Court will address the merits of the ADA

15   claim.

16

17             1.    ADA Claims

18             Title III of the ADA prohibits discrimination in public accommodations,

19   and states that "[n]o individual shall be discriminated against on the basis of

20   disability in the full and equal enjoyment of the goods, services, facilities,

21   privileges, advantages, or accommodations of any place of public

22   accommodation by any person who owns, leases (or leases to), or operates

23   a place of public accommodation."  *Kohler v. Bed Bath & Beyond of*

24   *California, LLC*, 780 F.3d 1260, 1263 (9th Cir. 2015) (citation omitted).  "To

25   prevail on a Title III discrimination claim, the plaintiff must show that (1) [the

26   plaintiff] is disabled within the meaning of the ADA; (2) the defendant is a

5

private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability."  *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (internal alteration original).

Plaintiff has pled his ADA claims successfully here.  First, Plaintiff has sufficiently pled that he meets the qualification under the ADA as a person with a disability.  Plaintiff alleges that he suffers from physical disabilities and uses a wheelchair for mobility.  (Dkt. 1, ¶ 1).  Disability under the ADA is defined as "[a] physical or mental impairment that substantially limits one or more major life activities."  42 U.S.C. § 12102(1).  "Major life activities" include walking and standing.  42 U.S.C. § 12102(2).  Accepting the allegations in the Complaint as true, this element is satisfied.

Second, "a restaurant, bar, or other establishment serving food for drink" is a place of public accommodation.  42 U.S.C. § 12181(7)(B). Plaintiff alleges Defendants own the property and operate the restaurant located at or about 27117 Sierra Hwy., Canyon Country, California.  (Dkt. 1, ¶ 2).  Plaintiff conducted a public records search and established Defendants' ownership.  (Dkt. 19-2, ¶ 4).  Accepting the allegations in the Complaint as true, this element is also satisfied.

Therefore, Plaintiff has successfully stated a claim upon which he may recover under the ADA.

### C.  The Sum of Money at Stake

The fourth *Eitel* factor "takes into account the amount of money at stake and the seriousness of the defendant's conduct, which involves an assessment of whether the recovery sought is proportional to the harm which the defendant's conduct has caused."  *Trustees of Teamsters Local 631 Sec. Fund for S. Nevada v. Knox Installation-Dismantling & Servs., Inc.*, No. 2:12-cv-1689-JAD-GWF, 2013 WL 4857897, at *2 (D. Nev. Sept. 9, 2013).

Plaintiff requests attorneys' fees in the amount of $4,400.00 (Dkt. 19-1), though, as explained below, Plaintiff has not provided sufficient proof for such fees and costs.  Finally, Plaintiff requests injunctive relief compelling Defendants' compliance with the ADA.  The sum of money at stake, $4,400.00, is therefore reasonable when balanced against the Defendants' failure to appear and defend and thus its failure to show it has complied with the ADA.  *See Rite Aid*, 992 F. Supp. 2d at 1012 (finding that a damages award of $13,739.20 was reasonable in light of the defendant's failure to appear or defend and thus failure to show compliance).  Accordingly, this factor weighs in favor of entry of default judgment.

### D.  Possibility of a Dispute Concerning Material Facts

"The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case."  *PepsiCo*, 238 F.Supp.2d at 1177.  Upon entry of default by the clerk, the factual allegations of the complaint, except those relating to the amount of damages, are taken as true.  *Televideo Sys. Inc.*, 826 F.2d at 917-18.  Here, Plaintiff has adequately alleged violations of the

ADA in his Complaint.  There is therefore little possibility of a dispute concerning material facts.  *Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").

**E.    Possibility of Excusable Neglect**

"The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect."  *PepsiCo*, 238 F.Supp.2d at 1177.  Where the defaulting party is "properly served with the Complaint, the notice of entry of default, as well as the papers in support of the [default] motion," the failure to defend cannot be attributed to excusable neglect.  *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).  Here, Defendants were served with the Complaint, (Dkts. 13-14) and the papers in support of Plaintiff's Motion, (Dkt. 19-5).  There appears little possibility that the default resulted from excusable neglect.

IV. The Strong Public Policy Favoring Decisions on the Merits

Though "[c]ases should be decided upon their merits whenever reasonably possible," a defendant's failure to respond "makes a decision on the merits impractical if not impossible."  *Eitel*, 782 F.2d at 1472.  As the Federal Rules of Civil Procedure allow for termination of a case before a hearing on the merits where a defendant fails to defend an action, this factor also favors entry of default judgment against Defendants.

Accordingly, because all of the *Eitel* factors favor entry of default, the Court enters default judgment against Defendants.

United States District Court
Central District of California

**F.   Plaintiff's Requested Relief**

Having granted Plaintiff's Motion for Default Judgment as to the ADA claims, the Court next considered Plaintiff's requested relief.  Federal Rule of Civil Procedure 55(b)(2) "explicitly grants the district court wide latitude" in providing relief in a default judgment.  *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *Elektra Entm't*, 226 F.R.D. at 394.

1.   Damages

As the Court has dismissed Plaintiff's Unruh Act claims and damages are not available under the ADA, the Court does not address Plaintiff's claims for statutory damages.

2.   Injunctive Relief

Plaintiff also requests injunctive relief compelling Defendants' compliance with the ADA.  In his Application for Default Judgment, Plaintiff states he is seeking an order compelling "[d]efendant[s] to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act."  (Dkt. 19-1, at 2).  Under the statute, injunctive relief issued for failure to remove an architectural barrier "shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter."  42 U.S.C.A. § 12188(a)(2).  "To be entitled to injunctive relief under 42 U.S.C. § 12188(a)(2), [plaintiff] must show that [defendant] has violated the [ADA's requirements]."  *Rite Aid*, 992 F. Supp. 2d at 1015.

9

To establish discrimination under the ADA, a plaintiff must show that the plaintiff is disabled, 42 U.S.C. § 12102(a); that Defendant's facility is a place of "public accommodation" and, therefore, governed by Title III of the ADA, 42 U.S.C. § 12182(a); that Defendant's facility has unlawful architectural barriers pursuant to 42U.S.C. § 12182(b)(2)(A)(iv); and that the plaintiff encountered the architectural barrier, precluding full and equal access to the facility, 42 U.S.C. §12188(a).  As discussed above, Plaintiff has shown that here.

The Court therefore grants Plaintiff's request for injunctive relief and orders Defendants to provide wheelchair accessible parking spaces, wheelchair accessible paths of travel leading into the restaurant and the required signage in compliance with the Americans with Disabilities Act Accessibility Guidelines.

**G.     Attorneys' Fees and Costs**

Finally, Plaintiff requests $4,000.00 in attorneys' fees and $440.00 in filing fees and litigation costs, for a total of $4,440.00.  (Dkt. 19-2, ¶ 6).  The Ninth Circuit has dictated that when a party properly requests attorneys' fees in default actions, "the court is obliged to calculate a 'reasonable' fee in the usual manner," *i.e.* the lodestar method, without using the fee schedule set out in Local Rule 55-3 as a starting point.  *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1159 (9th Cir. 2018).

a.    <u>Attorneys' Fees: The Lodestar Method</u>

The Ninth Circuit "emphasize[d] that the lodestar amount is calculated by multiplying 'the number of hours *reasonably* expended on the litigation by a *reasonable* hourly rate.'"  *Vogel*, 893 F.3d 1152, 1159 (9th Cir. 2018) (quoting *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012)) (emphasis in original).  District courts "have a *duty* to ensure claims for attorneys' fees are reasonable," and, particularly in default actions, "a district court does not discharge that duty simply by taking at face value the word of the prevailing party's lawyer."  *Vogel*, 893 F.3d at 1159 (quoting *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1265 (D.C. Cir. 1993)).  The district court must instead scrutinize attorneys' fees requests where the defendant fails to appear or otherwise defend itself.  *Vogel*, 893 F.3d at 1159; *see Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (holding that once a party has established that it is entitled to an award of attorneys' fees, "[i]t remains for the district court to determine what fee is 'reasonable'").

First, the Court must determine the number of hours reasonably expended.  "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'"  *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley*, 461 U.S. at 434).  Here, Plaintiff's counsel contends the firm expended a total of 8 hours.  (Dkt. 19-2, ¶ 6).

Nevertheless, Plaintiff's counsel failed to attach any billing records.  Indeed, counsel has not even attached a final bill with descriptions of the

11

billing and time spent on each task resulting in the alleged eight hours spent on this matter.  The Court is unable to conduct the lodestar analysis without Plaintiff's counsel's billing records and cannot determine the reasonableness of the litigation costs without at least a description of the costs that were expended.  Accordingly, the request for attorneys' fees and litigation costs is DENIED WITHOUT PREJUDICE.

## V.    CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Plaintiff's Application for Default Judgment.

Pursuant to 42 U.S.C. § 12199(a)(2), the Court orders Defendant to provide wheelchair accessible parking spaces, wheelchair accessible paths of travel leading into the store, the required signage at the Business located at 27117 Sierra Hwy., Canyon Country, California, in compliance with the ADA.

/ / /

/ / /

/ / /

Plaintiff's request for an award of his attorneys' fees and costs is DENIED WITHOUT PREJUDICE.  If Plaintiff wishes to renew his request with supporting evidence, he shall file a motion for attorneys' fees by no later than the time period prescribed in Local Rule 54-7.  See C.D. Cal. L.R. 54-7.

The Court enters a default judgment under separate cover.

**IT IS SO ORDERED.**

Dated:    4/14/21

Virginia A. Phillips
United States District Judge

United States District Court
Central District of California

13